IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| DANIEL FRONTCZAK,<br><br>          Plaintiff,<br><br>vs.<br><br>CONTINENTAL RESOURCES,<br>INC.,<br><br>          Defendant. | CV-11-75-BLG-SEH-CSO<br><br>**ORDER and<br>FINDINGS AND<br>RECOMMENDATION OF<br>UNITED STATES<br>MAGISTRATE JUDGE** |

Plaintiff Daniel Frontczak ("Frontczak") fell from elevated equipment while working at an oil rig.  He filed this action alleging that Defendant Continental Resources, Inc. ("Continental") breached a non-delegable duty to maintain work site safety causing his injuries. *First Am. Cmplt. (ECF 23) at ¶¶ 1, 7-11.*[1]

Pending is Frontczak's motion seeking partial summary judgment that Continental's "affirmative defense of contributory or comparative negligence in this case is unconstitutional as violating [Frontczak's]

---

[1]The ECF citation refers to the document as it is numbered in the Court's electronic filing system.  Citations to page numbers refer to those assigned by the ECF system.

fundamental right to full legal redress for injury incurred in employment for which another person may be liable, pursuant to Article II, Section 16 of the Montana Constitution." *ECF 56*. Before addressing the merits of Frontczak's motion for partial summary judgment, the Court first must decide whether to certify the question to the Montana Supreme Court.

By way of background, Frontczak suggested in his reply brief that it would be appropriate for the Court to certify the question to the Montana Supreme Court. *Frontczak's Reply Br. (ECF 80) at 1-2*. The Court treated his suggestion as a motion to certify (*ECF 80*) and allowed the parties to file additional briefs. *Order Treating Suggestion to Certify as Mtn. to Certify and Setting Briefing Sched. (ECF 104) at 3-4*. On September 9, 2013, Continental filed a response brief. *ECF 105*. On September 13, 2013, Frontczak filed his reply. *ECF 106*.

Having considered the parties' briefs, the Court will not certify this constitutional question. The parties agree that the Court has the discretion both to determine whether to certify the question or to decide the underlying issue in the first instance. *ECFs 105 at 1-2 and 106 at*

*1-2.* And it appears that the constitutionality of the affirmative defense of contributory or comparative negligence in a case such as this one remains an open question. *See Olson v. Shumaker Trucking and Excavating Contractors, Inc.*, 196 P.3d 1265, 1275 (Mont. 2008) (declining to address issue on appeal because plaintiff failed to raise issue with the district court). But neither party here specifically requests certification. Rather, both defer to the Court's discretion. Without a specific request, the Court is not inclined to certify the question.

The Court turns next to the merits of Frontczak's motion for partial summary judgment. Having considered the parties' arguments, the Court enters the following Findings and Recommendation.

## I.   <u>Background and Legal Standard</u>

The Court previously set forth this matter's factual background and the applicable summary judgment standard. *ECF 86.* The parties are familiar with both. Thus, the Court repeats neither here except where necessary to explain its reasoning.

## II.   <u>Parties' Arguments</u>

Frontczak argues that Continental's affirmative defense of contributory or comparative negligence is unconstitutional. *ECF 56 at 1.* He argues that the affirmative defense violates his "fundamental right to full legal redress for injury incurred in employment for which another person may be liable, pursuant to Article II, Section 16 of the Montana Constitution." *Id.* He argues that the Montana Supreme Court, in *Olson v. Shumaker Trucking and Excavating Contractors, Inc.*, 196 P.3d 1265 (Mont. 2008):

> formulated a two-part contributory negligence test which is only applicable in third-party liability cases such as this and which cannot apply in any other liability situation under Montana law . . . without considering [whether the defense] constitutes a violation of the injured worker's fundamental constitutional right to full legal redress for injury incurred in employment for which another person may be liable pursuant to Article II, Section 16, of the Montana Constitution.

*Frontczak's Supporting Br. (ECF 57) at 5* (emphasis and internal quotation marks omitted).

Frontczak notes that the supreme court in *Olson* declined to address the constitutional challenge to the contributory negligence affirmative defense because the issue was not raised with the trial

-4-

court. *Id.* He now argues that "this Court in this case[ ]" must "decide the purely legal issue of whether the full legal redress guarantee of Montana's Constitution prohibits the *Olson* Court's definition of contributory negligence in cases, such as this, involving injury incurred in employment for which another person may be liable." *Id.* (emphasis and internal quotation marks omitted).

Frontczak argues that: (1) the *Olson* contributory negligence test does not fall within general tort law because it applies only in contractor third-party liability cases and no others, *id. at 8-9*; (2) the test improperly imposes upon the injured party the duty to "'avoid the hazard' created by the contractor's breach of its nondelegable duty[,]" which is contrary to Montana law, *id. at 9*; (3) Article II, Section 16, of the Montana Constitution was ratified specifically to extend protections afforded by the nondelegable duty rule to injured employees of independent subcontractors, *id. at 10*; (4) the right to full legal redress under Article II, Section 16, is a "fundamental right" deserving of "the highest level of court scrutiny and protection[,]" and is "mandatory, prohibitive and self-executing[,]" which makes "any contrary

subordinate law ... a nullity[,]" *id. at 11*; (5) Montana Supreme Court

decisions confirm that Article II, Section 16, prohibits any restriction or

limitation on an injured worker's recovery obtained from a responsible

third-party other than his immediate employer or fellow employee, *id.

at 11-16* (citing *Meech v. Hillhaven*, 776 P.2d 488 (Mont. 1989)

(reaffirming that Legislature could alter wrongful discharge from

employment remedies but precluding any restriction on full legal

redress in injured employee cases); *Francetich v. State Fund*, 827 P.2d

1279 (Mont. 1992) (invalidating workers' compensation subrogation

statute because it restricted injured worker's right to obtain full legal

redress against third-party tortfeasors); *Trankel v. State*, 938 P.2d 614

(Mont. 1997) (holding *Feres* doctrine could not operate to bar or limit

injured worker's third-party claim against State); *Connery v. Liberty

Northwest*, 960 P.2d 288 (Mont. 1998) (finding statute that allowed

workers' compensation insurer to reduce benefits by 30% in violation of

full legal redress guarantee); and *Otto v. Montana*, 15 P.3d 402 (Mont.

2000) (reaffirming that rule that specifically targets employees seeking

full legal redress for job injuries is prohibited)); and (6) the supreme

court's *Olson* test is unconstitutional because its application has the effect of limiting and restricting an injured worker's right to full legal redress, *id. at 16-18*.

Continental advances two arguments in opposition to Frontczak's motion. First, Continental argues that the Montana Supreme Court already determined in *Olson* that contributory negligence is available as an affirmative defense in a workplace injury case such as this one. Thus, it argues, this federal Court, sitting in diversity, must follow Montana law and deny Frontczak's motion. *Continental's Resp. Br. (ECF 73) at 3-6*.

Second, Continental argues that, even if the Court decides that Frontczak's constitutional challenge should be considered, the Court still should deny Frontczak's motion because the contributory negligence defense is not unconstitutional. Continental argues that: (1) the Montana Supreme Court would decide that contributory negligence does not violate Article II, Section 16's right to full legal redress because that right encompasses only redress allowed under general tort law and contributory or comparative negligence exists as a defense

under Montana's general tort law, *id. at 6-10* (citing cases); (2) contrary to Frontczak's argument, the *Olson* decision does not place on a plaintiff the burden to avoid hazards created by another's breach but rather excuses a plaintiff's fault contributing to injury if the plaintiff could not have avoided the hazard without endangering employment, *id. at 10*; (3) the *Olson* decision also excuses a plaintiff from the general duty to avoid harm to oneself under some circumstances because of the plaintiff's status as a worker, *id. at 11*; (4) the Montana Constitution actually provides a fundamental right of access to the courts and not, as Frontczak argues, a fundamental right to specific redress, *id.*; and (5) the cases Frontczak cites do not support his position, *id. at 11-13*.

In reply, Frontczak argues that the supreme court in *Olson* refused to consider the constitutional issue raised here and that this Court, sitting in diversity, must "decide the issue in the first instance[.]" *Frontczak's Reply Br. (ECF 80) at 1-2.* Specifically, Frontczak argues that: (1) the supreme court in *Olson* "created a contributory negligence rule applicable only in third-party liability cases . . . without considering the issue of whether the rule violates the

-8-

full legal redress guarantee of Article II, Section 16[,]" and that this Court "is not bound to follow an unconstitutional law or rule[,]" *id. at 2-3* (emphasis omitted); (2) contrary to Continental's position, the Montana Constitution, not the courts or legislature, define what causes of action are provided by law, *id. at 3-6*; (3) the *Olson* contributory negligence rule is not part of Montana's general tort law applicable to all cases because it is "specifically directed and targeted only at employees seeking full legal redress under Article II, Section 16, of the [Montana] Constitution[,]" *id. at 6-8* (emphasis omitted); and (4) the *Olson* rule unconstitutionally shifts the risk of injury to the injured worker, *id. at 8-9*.

## III.  Analysis

The Court's analysis necessarily begins with the Montana Supreme Court's specific holding in *Olson* that Frontczak challenges here:

> Contributory negligence remains available as a defense to a defendant who has been found to have breached its nondelegable duty to provide a safe working environment if evidence demonstrates that: (1) the worker has some reasonable means or opportunity to avoid the hazard without endangering his or her employment; or (2) the

> subject harm was not a reasonably foreseeable consequence
> of the contractor's breach of the nondelegable safety duty.

*Olson*, 196 P.3d at 1277 (citing *Stepanek v. Kober Const.*, 625 P.2d 51,

56 (Mont. 1981) and *Shannon v. Howard S. Wright Const. Co.*, 593 P.2d

438, at 446 (Mont. 1979)).

As noted, Frontczak argues that the foregoing conclusion by the

Montana Supreme Court offends Article II, Section 16, of Montana's

Constitution, which provides:

> Courts of justice shall be open to every person, and speedy
> remedy afforded for every injury of person, property, or
> character.  No person shall be deprived of this full legal
> redress for injury incurred in employment for which another
> person may be liable except as to fellow employees and his
> immediate employer who hired him if such immediate
> employer provides coverage under the Workmen's
> Compensation Laws of this state.  Right and justice shall be
> administered without sale, denial, or delay.

As an initial matter, the Court must determine whether it is

appropriate at this juncture to address the issue Frontczak raises.

There has not been a determination that Continental had a non-

delegable duty to provide a safe working environment or, if it did, that

it breached the duty and caused Frontczak damages.  *See Findings and*

*Recommendation (ECF 86)* and *Order (ECF 98)* (adopting *Findings and*

*Recommendation*).  A jury could conclude that Continental was not

liable for Frontczak's damages.  If a jury so found, it would have no

reason to consider whether Frontczak's own fault contributed to his

damages.  Thus, it would be unnecessary to address the

constitutionality of the contributory negligence affirmative defense.

*See, e.g., Horn v. Bull River Country Store Properties, LLC*, 288 P.3d

218, 222 (Mont. 2012) (declining to address constitutionality of MCA §

27-1-703 where jury found defendant not negligent and did not proceed

to apportion fault).

On the other hand, Rule 56[2] was amended in 2010 "to improve the

procedures for presenting and deciding summary-judgment motions

and to make the procedures more consistent with those already used in

many courts."  Fed. R. Civ. P. 56, Advisory Comm. Notes, 2010

Amendments.  The rule currently reads:

> (a) Motion for Summary Judgment or Partial Summary
> Judgment. A party may move for summary judgment, identifying
> each claim or defense – or the part of each claim or defense – on
> which summary judgment is sought. The court shall grant
> summary judgment if the movant shows that there is no genuine

---

[2]References to rules are to the Federal Rules of Civil Procedure
unless otherwise indicated.

dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed. R. Civ. P. 56(a).  The first sentence was added "to make clear at the beginning that summary judgment may be requested not only as to an entire case but also as to a claim, defense, or part of a claim or defense."  Fed. R. Civ. P. 56, Advisory Comm. Notes, 2010 Amendments, Sub. (a).

Based on the 2010 amendment to the rule, "district courts have begun to recognize motions for summary judgment that are directed towards matters of law that are less than all of a particular claim." *Norton v. Assisted Living Concepts, Inc.*, 786 F. Supp. 2d 1173, 1187 (E.D. Tex. 2011).  In light of the 2010 amendment to Rule 56, the Court finds that summary judgment is not procedurally improper respecting Frontczak's constitutional challenge to the supreme court's pronouncement in *Olson*.  Having resolved that question, the Court now turns to the merits of the motion.

"When interpreting state law, federal courts are bound by decisions of the state's highest court."  *Trishan Air, Inc. v. Federal Ins.*

*Co.*, 635 F.3d 422, 427 (9th Cir. 2011).  Although the supreme court in *Olson* clearly held, as quoted above, that contributory negligence is available as a defense in a case similar to this one, it did decline to address the issue of whether the defense violates an injured person's rights under Article II, Section 16 of Montana's Constitution.  *Olson*, 196 P.3d at 1275.  Although the question thus remains unanswered, this Court is quite reluctant to find unconstitutional a rule articulated by the Montana Supreme Court.

Because jurisdiction is based on diversity of citizenship, the Court applies the substantive law of Montana, the forum state.  *Medical Laboratory Mgmt. Consultants v. American Broad. Companies, Inc.*, 306 F.3d 806, 812 (9th Cir. 2002).  "The task of a federal court in a diversity action is to approximate state law as closely as possible in order to make sure that the vindication of the state right is without discrimination because of the federal forum."  *Gee v. Tenneco, Inc.*, 615 F.2d 857, 861 (9th Cir. 1980).  Federal courts "are bound by the pronouncements of the state's highest court on applicable state law."  *Appling v. State Farm Mut. Auto. Ins. Co.*, 340 F.3d 769, 778 (9th Cir.

2003) (quoting *Ticknor v. Choice Hotels Intl., Inc.*, 265 F.3d 931, 939 (9th Cir. 2001)).

But when an issue of state law arises and "the state's highest court has not adjudicated the issue, a federal court must make a reasonable determination of the result the highest state court would reach if it were deciding the case." *Medical Laboratory*, 306 F.3d at 812. The federal court also may look to other persuasive authorities, including treatises and decisions from other jurisdictions, as guidance. *Strother v. Southern California Permanente Medical Group*, 79 F.3d 859, 865 (9th Cir. 1996).

The Court has reviewed the relevant constitutional provision and the Montana cases that Frontczak and Continental have presented in support of their positions. Having done so, the Court predicts that the Montana Supreme Court would decide that the contributory negligence defense in the context of this case does not violate the right to full legal redress provided in Article II, Section 16 of Montana's Constitution. Thus, the Court will recommend that Frontczak's motion be denied.

First, the Court must examine the language of Article II, Section

-14-

16 to resolve the issue of whether the supreme court's holding in *Olson* violates any rights under that provision. "In resolving disputes of constitutional construction, [the Montana Supreme Court] applies the rules of statutory construction. Under those rules, the intent of the framers of the Constitution is controlling and that intent must first be determined from the plain language of the words used." *State ex rel. Racicot v. District Court of First Jud. Dist. in and for County of Lewis and Clark*, 794 P.2d 1180, 1183 (Mont. 1990) (citing *Butte-Silver Bow Local Gov't. v. State*, 768 P.2d 327, 330 (Mont. 1989)). "If that is possible, [courts] apply no other means of interpretation." *Great Falls Tribune Co., Inc. v. Great Falls Pub. Schools, Bd. of Trustees*, 841 P.2d 502, 504 (Mont. 1992) (citation omitted). In construing a constitutional provision, the Court also must "pay[ ] particular heed to the caveat that neither statutory nor constitutional construction should lead to absurd results if reasonable construction will avoid it." *Powder River County v. State*, 60 P.3d 357, 373 (Mont. 2002) (citing *Grossman v. Dept. of Natural Resources*, 682 P.2d 1319, 1332 (Mont. 1984)).

Applying the foregoing standards for constitutional construction,

the Court concludes that Frontczak misconstrues Article II, Section 16's

plain language and, in doing so, overstates the scope of the right

provided.  As noted, the provision provides:

> Courts of justice shall be open to every person, and speedy
> remedy afforded for every injury of person, property, or
> character.  No person shall be deprived of this full legal
> redress for injury incurred in employment for which another
> person may be liable except as to fellow employees and his
> immediate employer who hired him if such immediate
> employer provides coverage under the Workmen's
> Compensation Laws of this state.  Right and justice shall be
> administered without sale, denial, or delay.

Mont. Const., Art. II, § 16 (emphasis added).  The modifier "this" before

"full legal redress" plainly refers to the rights described in the

preceding sentence – "[c]ourts ... open to every person, and [a] speedy

remedy ... for every injury[.]"  Thus, "full legal redress" under this

provision's plain language is an injured party's right to open courts and

speedy remedies – and not, as Frontczak seems to urge, an absolute

right to recover for any claim made or a right to a particular remedy.

Nor do decisions of the Montana Supreme Court appear to

support Frontczak's arguments.  For example, in *Francetich v. State*

*Compensation Mut. Ins. Fund*, 827 P.2d 1279, 1282, 1285 (Mont. 1992),

-16-

the Montana Supreme Court deemed unconstitutional MCA § 39-71-414(6)(a). That statute entitled an insurer to full subrogation even if a claimant could show damages in excess of workers' compensation benefits and third-party recovery combined. The supreme court concluded that the second sentence of Article II, Section 16 does not allow this restriction of an injured worker's right to obtain full legal redress against third-party tortfeasors. *Id*. at 1285. The supreme court concluded:

> We hold that in a case of reasonably clear liability where a claimant is forced to settle for the limits of an insurance policy which, together with claimant's workers' compensation award, do not grant full legal redress under general tort law to the claimant, under workers' compensation laws the insurer is not entitled to subrogation rights under § 39–71–414, MCA.

*Id*.

Also, in *Trankel v. State on Mont., Dept. of Military Affairs*, 938 P.2d 614, 621 (Mont. 1997), the plaintiff claimed injury caused by the State Military Affairs Department while he was in the course of his employment with the U.S. Army. The state district court concluded that his claim was barred under the U.S. Supreme Court's decision in

-17-

*Feres v. U.S.*, 340 U.S. 135 (1950) and the Montana Supreme Court's

decision in *Evans v. Montana Nat'l Guard*, 726 P.2d 1160 (Mont. 1986).

The Montana Supreme Court reversed, holding that Article II, Section

16 protects an employee's right to recover compensation for workplace

injuries caused by someone other than the employer or a fellow

employee.  Referring to its decision is *Francetich*, the supreme court

held:

> We reaffirm that pursuant to the second sentence in Article
> II, Section 16, of the Montana Constitution, any statute or
> court decision which deprives an employee of his right to full
> legal redress, as defined by the general tort law of this state
> against third parties, is absolutely prohibited. That sentence
> is mandatory and self-executing, and leaves no room for
> erosion based on what federal courts or the courts of other
> states would do pursuant to federal laws or the laws of other
> states.

*Trankel*, 938 P.2d at 623.

Frontczak's interpretation of these decisions as "absolutely

prohibit[ing] any restrictions" or limitations on an injured worker's

claims is an overstatement in light of the two decisions' language and

Montana's general tort law.  In concluding in *Francetich* and *Trankel*

that Article II, Section 16 prohibits depriving an injured worker the

-18-

right to full legal redress, the Montana Supreme Court in both cases specifically noted that a worker's claim remains subject to the state's general tort law against third parties. Thus, the Court must examine Montana's general tort law.

It is well-settled under Montana law that "a plaintiff's contributory negligence may be raised as a defense to a negligence claim." *Larchick v. Diocese of Great Falls-Billings*, 208 P.3d 836, 850 (Mont. 2009). Contributory negligence has long been an available defense to a claim based on a workplace injury against an entity charged with job site safety. *Olson*, 196 P.3d at 1277 (citing *Stepanek v. Kober Const.*, 625 P.2d 51, 56 (Mont. 1981) and *Shannon v. Howard S. Wright Const. Co.*, 593 P.2d 438, at 446 (Mont. 1979)). It has been deemed an available defense even in cases in which negligence per se has been established. *See Giambra v. Kelsey*, 162 P.3d 134, 144 (Mont. 2007). Thus, it cannot be said that Montana's general tort law precludes contributory negligence as an affirmative defense. Consequently, it cannot be said that Frontczak will be denied his right to full legal redress if Continental is permitted to persist in asserting

contributory negligence as a defense because full legal redress under Montana's general tort law includes consideration of contributory negligence.

Also, *Francetich* and *Trankel* are fundamentally distinguishable from this case in another way.  In *Francetich*, as noted, the supreme court deemed unconstitutional a statute that allowed an insurer full subrogation against an injured worker's recovery from a third-party even if the worker was not made whole.  In reaching this decision, the supreme court prohibited the operation of a statute that interfered with a worker's recovery of damages after the worker was deemed to be entitled to them.  Such a situation is not present in this case.

And in *Trankel*, the supreme court held that an injured military worker's claim was not barred under *Feres*, 340 U.S. at 141-42, in which the U.S. Supreme Court held that there was no liability against the federal government for injuries sustained incident to military service.  The Montana Supreme Court in *Trankel* held that Article II, Section 16 "precludes application of the *Feres* doctrine[.]"  It reasoned that the intention of Montana Constitutional Convention delegates in

drafting the second sentence of that provision was to ensure "that employees not be barred from third-party suits for injuries sustained during the course of their employment." *Trankel*, 938 P.2d at 621. In this case, barring Frontczak's lawsuit is not at issue.

Finally, the Court concludes that the supreme court's decisions in *Connery v. Liberty Northwest Ins. Corp.*, 960 P.2d 288 (Mont. 1998) and *Otto v. Montana Dept. of Fish, Wildlife and Parks*, 15 P.3d 402 (Mont. 2000) (superseded by rule as stated in *Pesarik v. Perjessy*, 194 P.3d 665, 667 (Mont. 2008)) provide Frontczak no support for his argument. In *Connery*, the supreme court relied on *Francetich* in holding unconstitutional a statute that gave "the insurer a separate right to reduce benefits whenever an injured worker has obtained a third-party settlement or award." 960 P.2d at 290. In rejecting the statute, the supreme court noted:

> In the present case, as the Workers' Compensation Court correctly reasoned, § 39-71-416(1), MCA, facially ignores the worker's right to full legal redress. If an injured worker gets anything, however short of full legal redress, the insurer is entitled to reduce by 30 percent the benefits otherwise payable to the injured worker. The net effect of the statute is to transfer dollars recovered from the third-party tortfeasor back to the insurer. That transfer is plainly

contrary to the full legal redress provision.

*Id*.

*Connery* is distinguishable from this case. As noted above respecting *Francetich*, the issue here is not a reduction, by statutory operation, of an injured worker's full recovery of damages to which the worker was legally entitled. Thus, *Connery* is not relevant to the Court's analysis.

In *Otto*, the supreme court held that "a procedural rule which applies equally to all litigants" does not offend Article II, Section 16's right to full legal redress. 15 P.3d at 407. The supreme court rejected the plaintiff's argument "that any rule which results in the dismissal of an injured employee's claim for damages is unconstitutional under Article II, Section 16 of the Montana Constitution." *Id*. The supreme court noted:

> [Plaintiff's] interpretation of Article II, Section 16 would
> preclude all dismissals of employee claims, even, for
> example, those for failure to prosecute or based upon the
> statute of limitations. We have not interpreted Article II,
> Section 16 so broadly. Rule 41(e) is not a procedural rule
> which specifically interferes with an employee's vested right
> to seek redress. [Plaintiff], like any other litigant, had the
> right to pursue her claim but had to do so within the rules of

civil procedure.

*Id.*

The same is true here.  The defense of contributory negligence does not interfere with Frontczak's right to seek redress.  He, like any other worker claiming a third-party injury, has the right to pursue his claim under Montana's general tort law.  That law includes the affirmative defense of contributory negligence.

## IV.   Conclusion

Based on the foregoing, IT IS ORDERED that Frontczak's motion to certify *(ECF 80)* is DENIED.  Also,

IT IS RECOMMENDED that Frontczak's motion for partial summary judgment that Continental's affirmative defense of contributory or comparative negligence is unconstitutional (*ECF 56)* be DENIED.

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of the Order and Findings and Recommendation of United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and

recommendation must be filed with the Clerk of Court and copies

served on opposing counsel within fourteen (14) days after service

hereof, or objection is waived.

DATED this 30th day of September, 2013.




/s/ Carolyn S. Ostby
United States Magistrate Judge